1  Todd M. Friedman (SBN 216752)
   Adrian R. Bacon (SBN 280332)
2  Meghan E. George (SBN 274525)
   Thomas E. Wheeler (SBN 308789)
3  LAW OFFICES OF TODD M. FRIEDMAN, P.C.
4  21550 Oxnard St. Suite 780,
   Woodland Hills, CA 91367
5  Phone: 877-206-4741
6  Fax: 866-633-0228
   tfriedman@toddflaw.com
7  abacon@toddflaw.com
8  mgeorge@toddflaw.com
   twheeler@toddflaw.com
9  *Attorneys for Plaintiff*
10 *Attorneys for Plaintiff, AARON RAMOS*
11
                  UNITED STATES DISTRICT COURT
12            FOR THE SOUTHERN DISTRICT OF CALIFORNIA
13
14 | AARON RAMOS, individually, and | Case No. __'17CV2320 MMA BLM__ |
   | on behalf of all others similarly | |
15 | situated, | **CLASS ACTION COMPLAINT** |
   | | |
16 |        Plaintiff, | (1) Violation of False Advertising Law (Cal. Business & Professions Code §§ 17500 *et seq.*); |
17 |     vs. | (2) Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq.*); |
18 | FRY'S ELECTRONICS, INC., and DOES 1-10 Inclusive, | (3) Breach of Warranty in Violation of Song-Beverly Consumer Warranty Act (Cal. Civil Code §§ 1790 *et seq.*); |
19 |        Defendant. | (4) Breach of Implied Warranty in Violation of Song-Beverly Consumer Warranty Act (Cal. Civil Code §§ 1790 *et seq.*); |
20 | | (5) Breach of Warranty in Violation of Magnuson-Moss Warranty Act (15 U.S.C. §§ 2310 *et seq.*); and |
21 | | (6) Breach of Implied Warranty in Violation of Magnuson-Moss Warranty Act (15 U.S.C. §§ 2310 *et seq.*). |

22

23

24

25

26

27      **Jury Trial Demanded**

28

1    Plaintiff AARON RAMOS ("Plaintiff"), individually and on behalf of all
2  others similarly situated, alleges as follows:

3                          **NATURE OF THE ACTION**

4    1.    Plaintiff brings this class action Complaint against Defendant FRY'S
5  ELECTRONICS, INC. (hereinafter "Defendant") to stop Defendant's practice of
6  falsely advertising and selling warranties for their graphics cards that they have no
7  intention of honoring and to obtain redress for a class of consumers ("Class
8  Members") who were misled, within the applicable statute of limitations period,
9  by Defendant.

10    2.    Defendant advertised to consumers that a warranty would accompany
11  the purchase of its graphics cards ("the Class Products"), whereby the consumer
12  product would be replaced if it was defective.

13    3.    Warranties are of particular value to consumers because they provide
14  a guarantee of the value of a good after it is purchased.  This is particularly true
15  for graphics cards which are critical to the proper functioning of consumers'
16  computers.

17    4.    Plaintiff and other consumers similarly situated were exposed to these
18  advertisements through print and digital media.

19    5.    Defendant misrepresented and falsely advertised and represented to
20  Plaintiff and others similarly situated by failing to disclose in either its
21  advertisements or the contract itself that Defendant would not honor the warranty.

22    6.    Defendant's misrepresentations to Plaintiff and others similarly
23  situated induced them to purchase Defendant's Class Products.

24    7.    Defendant took advantage of Plaintiff and similarly situated
25  consumers unfairly and unlawfully.

26                          **JURISDICTION AND VENUE**

27    8.    Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff,

28

a California resident, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a California Corporation. Plaintiff also seeks damages for each violation alleged herein which, when aggregated among each member of the class, exceed the $5,000,000.00 threshold for requisite amount in controversy. Therefore, both minimal diversity of citizenship and the amount in controversy requirements are satisfied for jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2).

9.     Alternatively, jurisdiction is proper because this action is brought under Federal Statutes, and all California State Law claims are ancillary thereto.

10.     Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391(b)(2) because a significant portion of the events giving rise to this action took place here, Plaintiff lives here, and Defendant does business here.

## THE PARTIES

11.     Plaintiff AARON RAMOS is a citizen and resident of the State of California, County of San Diego.

12.     Defendant FRY'S ELECTRONICS, INC. is a corporation that does business in California, including San Diego County, that is incorporated in California and headquartered in San Jose, California.

13.     Plaintiff alleges, on information and belief, that Defendant's marketing campaign, as pertains to this matter, was created by Defendant and was disseminated throughout California.

14.     Plaintiff is informed and believes, and thereon alleges, that at all time relevant, Defendant's sales of products and services are governed by the controlling law in the state in which they do business and from which the sales of products and services, and the allegedly unlawful acts occurred, which is California.

15.     Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or is attributable to, Defendant and/or its employees, agents, and/or third parties acting on its behalf, each acting as the agent for the other, with legal authority to act on the other's behalf.  The acts of any and all of Defendant's employees, agents, and/or third parties acting on its behalf, were in accordance with, and represent, the official policy of Defendant.

16.     Plaintiff is informed and believes, and thereon alleges, that said Defendants are in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions of each and all their employees, agents, and/or third parties acting on their behalf, in proximately causing the damages herein alleged.

17.     At all relevant times, Defendant ratified each and every act or omission complained of herein.  At all relevant times, Defendant, aided and abetted the acts and omissions as alleged herein.

**PLAINTIFF'S FACTS**

18.      In or around late 2013 Plaintiff purchased an open-box PNY GeForce GTX graphics card ("the Graphics Card") from Defendant.

19.     The on-the-box advertisement for the Graphics Card printed and placed thereon by Defendant stated that it came with the same warranty offered by the manufacturer and that it will honor this warranty even if the product is used. Furthermore, the box for the Graphics Card also states that it is accompanied by a lifetime warranty by the manufacturer.

20.     Plaintiff purchased the Graphics Card from Defendant in reliance on the aforementioned representations, namely that it is backed by a lifetime warranty and that Defendant will honor this warranty even though Plaintiff is not the original owner thereof.

CLASS ACTION COMPLAINT

21.   After using the Graphics Card for a few years, it began to malfunction.

22.   Plaintiff requested, pursuant to the warranty, that Defendant honor the warranty and replace the Graphics Card or give him a refund in the purchase price amount.

23.   Defendant refused to replace or refund the Graphics Card, thereby refusing to honor its warranty, because Plaintiff had not registered the card with the manufacturer.

24.   The manufacturer, PNY Technologies, Inc. (hereinafter, "Manufacturer"), apparently required all of their Graphics Cards to be registered with them in order for the owner to be eligible

25.   Defendant does not inform consumers, including Plaintiff, that Manufacturer requires Graphics Card owners to register them in order to be eligible for Manufacturer's warranty. Furthermore, in order for consumers to register their Graphics Cards, they need the registration paper work which is only available from Defendant when consumers purchase their Graphics Cards brand new. In short, Plaintiff could not have purchased the Graphics Card used from Defendant and been eligible for Manufacturer's warranty.

26.   Defendant's knowledge of the fact that Plaintiff and similarly situated consumers could not reap the benefits of the warranty is demonstrated by the fact that when Plaintiff attempted to return the Graphics Card, Defendant refused to honor Manufacturer's warranty.

27.   Defendant omitted from its advertisements and contracts that consumers who purchase open-box Graphics Cards will not be eligible for Manufacturer's warranty.

28.   Plaintiff had no reasonable way of knowing that he must purchase the Graphics Card initially rather than used in order to register for Manufacturer's

warranty, i.e., Plaintiff had no reasonable opportunity to find out that Defendant would not honor the warranty.

29.   Defendant was aware that Plaintiff could not have reasonably known that it would not honor the warranty.

30.   Had Plaintiff known that Defendant would not honor the warranty, Plaintiff would not have purchased the Graphics Card from Defendant, rather, Plaintiff would have considered purchasing a new one or purchasing one from a different retailer.

31.   Plaintiff was significantly upset by Defendant's refusal to honor its warranty as advertised.

32.   Such sales tactics employed on Defendant rely on falsities and have a tendency to mislead and deceive a reasonable consumer.

33.   Plaintiff is informed, believes, and thereupon alleges that such representations were part of a common scheme to mislead consumers and incentivize them to purchase products from Defendant.

34.   Plaintiff reasonably believed and relied upon Defendant's representations in its advertisement.

35.   Plaintiff materially changed his position in reliance on Defendant's representations and was harmed thereby.

36.   Plaintiff would not have purchased the Graphics Card or any similarly advertised product had Defendant disclosed that it would not honor its warranties.

37.   Had Defendant properly marketed, advertised, and represented that it would not honor warranties stated in its advertisements, Plaintiff would not have purchased the Graphics Card or any similarly advertised product.

38.   Defendant benefited from falsely advertising and representing the costs of its products. Defendant benefited on the loss to Plaintiff and provided nothing of benefit to Plaintiff in exchange.

CLASS ACTION COMPLAINT

# CLASS ACTION ALLEGATIONS

39.    Plaintiff brings this action, on behalf of himself and all others similarly situated, and thus, seeks class certification under Federal Rule of Civil Procedure 23.

40.    The class Plaintiff seeks to represent (the "Class") is defined as follows:

> All consumers, who, between the applicable statute of limitations and the present, purchased Defendant's Class Products, namely used items on which Defendant makes statements that it will honor any manufacturer warranty.

41.    As used herein, the term "Class Members" shall mean and refer to the members of the Class described above.

42.    Excluded from the Class are Defendant, its affiliates, employees, agents, and attorneys, and the Court.

43.    Plaintiff reserves the right to amend the Class, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

44.    Upon information and belief, the proposed class is composed of thousands of persons.  The members of the class are so numerous that joinder of all members would be unfeasible and impractical.

45.    No violations alleged in this complaint are contingent on any individualized interaction of any kind between class members and Defendant.

46.    Rather, all claims in this matter arise from the identical, false, affirmative written statements that Defendant would provide warranties to the Class Members, when in fact, such representations were false.

47.    There are common questions of law and fact as to the Class Members that predominate over questions affecting only individual members, including but not limited to:

(a)    Whether Defendant engaged in unlawful, unfair, or deceptive

business practices in advertising warranties with its products to Plaintiff and other Class Members with no intention of honoring them;

(b)    Whether Defendant made misrepresentations with respect to its warranties for its products;

(c)    Whether Defendant profited from this advertisement;

(d)    Whether Defendant violated California Bus. & Prof. Code § 17200, *et seq*. California Bus. & Prof. Code § 17500, *et seq*., California Civ. Code § 1750, *et seq*.. California Civ. Code § 1790, *et seq*., and 15 U.S.C. § 2310, *et seq.*;

(e)    Whether Plaintiff and Class Members are entitled to equitable and/or injunctive relief;

(f)    Whether Defendant's unlawful, unfair, and/or deceptive practices harmed Plaintiff and Class Members; and

(g)    The method of calculation and extent of damages for Plaintiff and Class Members.

48.    Plaintiff is a member of the class he seeks to represent

49.    The claims of Plaintiff are not only typical of all class members, they are identical.

50.    All claims of Plaintiff and the class are based on the exact same legal theories.

51.    Plaintiff has no interest antagonistic to, or in conflict with, the class.

52.    Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member, because Plaintiff was induced by Defendant's advertisement during the Class Period.  Defendant's unlawful, unfair and/or fraudulent actions concerns the same business practices described herein irrespective of where they occurred or were experienced.  Plaintiff's claims are

typical of all Class Members as demonstrated herein.

53.    Plaintiff will thoroughly and adequately protect the interests of the class, having retained qualified and competent legal counsel to represent himself and the class.

54.    Common questions will predominate, and there will be no unusual manageability issues.

**FIRST CAUSE OF ACTION**

**Violation of the California False Advertising Act**

**(Cal. Bus. & Prof. Code §§ 17500 *et seq.*)**

55.    Plaintiff incorporates by reference each allegation set forth above.

56.    Pursuant to California Business and Professions Code section 17500, *et seq.*, it is unlawful to engage in advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading...or...to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

57.    California Business and Professions Code section 17500, *et seq.*'s prohibition against false advertising extends to the use of false or misleading written statements.

58.    Defendant misled consumers by making misrepresentations and untrue statements about its warranties, namely, Defendant made consumers believe that Defendant would honor the warranties for the Class Products listed in its advertisement even though this was not the case.

59.    Defendant knew that its representations and omissions were untrue and misleading, and deliberately made the aforementioned representations and omissions in order to deceive reasonable consumers like Plaintiff and other Class

Members.

60.     As a direct and proximate result of Defendant's misleading and false advertising, Plaintiff and the other Class Members have suffered injury in fact. Plaintiff reasonably relied upon Defendant's representations regarding the warranties for Defendant's products.  In reasonable reliance on Defendant's false advertisements, Plaintiff and other Class Members purchased Class Products from Defendant believing that in case they would be covered by warranties providing for their replacement or repair, and that Defendant would honor the warranties. However, Defendant did not inform Class Members that consumers of used goods are not actually eligible for the warranties that Defendant promises to honor, and that Defendant will therefore refuse to honor said warranties.

61.     Plaintiff alleges that these false and misleading written representations made by Defendant constitute a "scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

62.     Defendant advertised to Plaintiff and other putative class members, through written representations and omissions made by Defendant and its employees.

63.     Defendant knew that they would not provide Plaintiff and Class Members with the warranties as they are advertised.

64.     Thus, Defendant knowingly lied to Plaintiff and other putative class members in order to induce them to purchase the Class Products from Defendant.

65.     The misleading and false advertising described herein presents a continuing threat to Plaintiff and the Class Members in that Defendant persist and continue to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.  Defendant's conduct will continue to cause irreparable injury to consumers unless enjoined or restrained.  Plaintiff is entitled

1  to preliminary and permanent injunctive relief ordering Defendant to cease their
2  false advertising, as well as disgorgement and restitution to Plaintiff and all Class
3  Members of Defendant's revenues associated with their false advertising, or such
4  portion of those revenues as the Court may find equitable.

**SECOND CAUSE OF ACTION**

**Violation of Unfair Competition Law**

**(Cal. Bus. & Prof. Code §§ 17200 *et seq.*)**

8    66.    Plaintiff incorporates by reference each allegation set forth above.

9    67.    Actions for relief under the unfair competition law may be based on
10 any business act or practice that is within the broad definition of the UCL.  Such
11 violations of the UCL occur as a result of unlawful, unfair or fraudulent business
12 acts and practices.    A plaintiff is required to provide evidence of a causal
13 connection between a defendant's business practices and the alleged harm--that is,
14 evidence that the defendant's conduct caused or was likely to cause substantial
15 injury.  It is insufficient for a plaintiff to show merely that the defendant's conduct
16 created a risk of harm.   Furthermore, the "act or practice" aspect of the statutory
17 definition of unfair competition covers any single act of misconduct, as well as
18 ongoing misconduct.

**UNFAIR**

20   68.    California Business & Professions Code § 17200 prohibits any
21 "unfair ... business act or practice."    Defendant's acts, omissions,
22 misrepresentations, and practices as alleged herein also constitute "unfair"
23 business acts and practices within the meaning of the UCL in that its conduct is
24 substantially injurious to consumers, offends public policy, and is immoral,
25 unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs
26 any alleged benefits attributable to such conduct.  There were reasonably available
27 alternatives to further Defendant's legitimate business interests, other than the

28

CLASS ACTION COMPLAINT

conduct described herein.  Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices.  Such conduct is ongoing and continues to this date.

69.    In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

70.    Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the Class.  Plaintiff and members of the Class have suffered injury in fact due to Defendant's decision to mislead consumers.  Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the Class.

71.    Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer.  Such deception utilized by Defendant convinced Plaintiff and members of the Class that Defendant would provide them with a warranty and that Defendant would honor that warranty upon purchasing Defendant's Class Products.  In fact, Defendant knew that they had no intention of providing the advertised warranties and thus unfairly profited.  Thus, the injury suffered by Plaintiff and the members of the Class are not outweighed by any countervailing benefits to consumers.

72.    Finally, the injury suffered by Plaintiff and members of the Class is not an injury that these consumers could reasonably have avoided.  After Defendant falsely represented the warranties, consumers changed their position by purchasing the warrantied Class Products, thus causing them to suffer injury in fact.  Defendant failed to take reasonable steps to inform Plaintiff and class members that the advertisement was false.  As such, Defendant took advantage of Defendant's position of perceived power in order to deceive Plaintiff and the

Class.  Therefore, the injury suffered by Plaintiff and members of the Class is not an injury which these consumers could reasonably have avoided.

73.  Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

## FRAUDULENT

74.  California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice."  In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

75.  The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived.  Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

76.  Here, not only were Plaintiff and the Class members likely to be deceived, but these consumers were actually deceived by Defendant.  Such deception is evidenced by the fact that Defendant did not provide Plaintiff with the warranty as advertised by Defendant.  Plaintiff's reliance upon Defendant's deceptive statements is reasonable due to the unequal bargaining powers of Defendant against Plaintiff. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

77.  As explained above, Defendant deceived Plaintiff and other Class Members by representing the availability of the warranty Defendant sold.

78.  Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

## UNLAWFUL

79.  California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

80.     As explained above, Defendant deceived Plaintiff and other Class Members by falsely representing warranties.

81.     Defendant used false advertising, marketing, and misrepresentations to induce Plaintiff and Class Members to purchase Class Products from Defendant, in violation of California Business and Professions Code Section 17500, et seq. Had Defendant not falsely advertised, marketed, or misrepresented the warranties for its products, Plaintiff and Class Members would not have purchased the warrantied Class Products from Defendant. Defendant's conduct therefore caused and continues to cause economic harm to Plaintiff and Class Members.

82.     These representations by Defendant are therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 *et seq*.

83.     Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class Members to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief.  Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and Class Members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions.

## THIRD CAUSE OF ACTION

## Breach of Warranty In Violation of the Song-Beverly Consumer Warranty Act

## (Cal. Civ. Code § 1790, *Et Seq.*)

84.     Plaintiff incorporates by reference each allegation set forth above.

85.     Pursuant to Cal Civ. Code.  §1793.2, Plaintiff has presented the Graphics Card to Seller and/or other authorized service dealers of Defendant within the term of protection and has tendered the subject Graphics Card for the

above-mentioned defects that substantially affect the use, value, and safety of the Graphics Card.

86.   Defendant, through Seller and/or other authorized dealerships, have been unable to repair said defects in a reasonable number of attempts.

87.   Pursuant to Cal. Civ. Code. §1793.2, Plaintiff is entitled to a refund of the full purchase price of the Graphics Card, including all collateral charges and finance charges, and/or a replacement Graphics Card, plus all attorney fees and costs.

88.   Defendant has willfully violated the provisions of this act by knowing of its obligations to refund or replace Plaintiff's Graphics Card, but failing to fulfill them.

## FOURTH CAUSE OF ACTION

### Breach of Implied Warranty In Violation of the Song-Beverly Consumer Warranty Act

### (Cal. Civ. Code § 1790, *Et Seq.*)

89.   Plaintiff incorporates by reference each allegation set forth above.

90.   The Graphics Card purchased by Plaintiff was subject to an implied warranty of merchantability as defined in Cal. Civ. Code §1790 running from the Defendant to the intended consumer, Plaintiff herein.

91.   Defendant is a supplier of consumer goods as a person engaged in the business of making a consumer product directly available to Plaintiff.

92.   Defendant is prohibited from disclaiming or modifying any implied warranty under Cal. Civ. Code §1790.

93.   Pursuant to Cal. Civ. Code §1790, Plaintiff's Graphics Card was impliedly warranted to be fit for the ordinary use for which the Graphics Card was intended.

94.   The Graphics Card was warranted to pass without objection in the

trade under the contract description, and was required to conform to the descriptions of the Graphics Card contained in the contracts and labels.

95.     The above described defects in the Graphics Card caused it to fail to possess even the most basic degree of fitness for ordinary use.

96.     As a result of the breaches of implied warranty by Defendant, Plaintiff have suffered and continue to suffer various damages.

## FIFTH CAUSE OF ACTION

### Breach of Warranty In Violation of the Magnuson-Moss Warranty Act
### (15 U.S.C. § 2310, *Et Seq.*)

97.     Plaintiff incorporates by reference each allegation set forth above.

98.     Plaintiff is a purchaser of a consumer product who received the Graphics Card during the duration of a written warranty period applicable to the Graphics Card and who is entitled by the terms of the written warranty to enforce against Defendant the obligations of said warranty.

99.      Defendant is a person engaged in the business of making a consumer product directly available to Plaintiff.

100.  Defendant, i.e., seller, is an authorized dealership/agent of Manufacturer designed to perform repairs on Graphics Cards under Defendant's warranties.

101.  The Magnuson-Moss Warranty Act, Chapter 15 U.S.C.A., Section, 2301 et. Seq. ("Warranty Act") is applicable to Plaintiff's Complaint in that the Graphics Card was manufactured, sold and purchased after July 4,1975, and costs in excess of ten dollars ($10.00).

102.  Plaintiff's purchase of the Graphics Card was accompanied by written factory warranties for any non-conformities or defects in materials or workmanship, comprising an undertaking in writing in connection with the purchase of the Graphics Card to repair the Graphics Card or take other remedial

action free of charge to Plaintiff with respect to the Graphics Card in the event that the Graphics Card failed to meet the specifications set forth in said undertaking.

103.   Said warranties were the basis of the bargain of the contract between the Plaintiff and Defendant for the sale of the Graphics Card to Plaintiff.

104.   Said purchase of Plaintiff's Graphics Card was induced by, and Plaintiff relied upon, these written warranties.

105.   Plaintiff has met all of Plaintiff's obligations and preconditions as provided in the written warranties.

106.   As a direct and proximate result of Defendant's failure to comply with its express written warranties, Plaintiff has suffered damages and, in accordance with 15 U.S.C. § 2310(d), Plaintiff is entitled to bring suit for such damages and other equitable relief.

## SIXTHTH CAUSE OF ACTION

## Breach of Implied Warranty In Violation of the Magnuson-Moss Warranty Act

## (15 U.S.C. § 2310, *Et Seq.*)

107.   Plaintiff incorporates by reference each allegation set forth above.

108.   The Graphics Card purchased by Plaintiff was subject to an implied warranty of merchantability as defined in 15 U.S.C. § 2301(7) running from the Manufacturer to the intended consumer, Plaintiff herein.

109.   Defendant is a supplier of consumer goods as a person engaged in the business of making a consumer product directly available to Plaintiff.

110.   Defendant is prohibited from disclaiming or modifying any implied warranty when making a written warranty to the consumer or when Defendant has entered into a contract in writing within ninety (90) days of purchase to perform services relating to the maintenance or repair of a  Graphics Card.

111.   Pursuant to 15 U.S.C. § 2308, Plaintiff's Graphics Card was impliedly

warranted to be substantially free of defects and non-conformities in both material and workmanship, and thereby fit for the ordinary purpose for which the Graphics Card was intended.

112.   The Graphics Card was warranted to pass without objection in the trade under the contract description, and was required to conform to the descriptions of the Graphics Card contained in the contracts and labels.

113.   The above described defects in the Graphics Card render the Graphics Card unfit for the ordinary and essential purpose for which the Graphics Card was intended.

114.   As a result of the breaches of implied warranty by Defendant, Plaintiff has suffered and continues to suffer various damages.

## MISCELLANEOUS

115.   Plaintiff and Class Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or all such obligations or conditions are excused.

## PRAYER FOR RELIEF

116.   Plaintiff, on behalf of himself and the Class, requests the following relief:

(a)   An order certifying the Class and appointing Plaintiff as Representative of the Class;

(b)   An order certifying the undersigned counsel as Class Counsel;

(c)   An order requiring Defendant, at its own cost, to notify all Class Members of the unlawful and deceptive conduct herein;

(d)   An order requiring Defendant to engage in corrective advertising regarding the conduct discussed above;

(e)   Actual damages suffered by Plaintiff and Class Members as applicable from being induced to call Defendant under false

Case 3:17-cv-02320-MMA-BLM Document 1 Filed 11/15/17 PageID.19 Page 19 of 19

pretenses;

(f)     Punitive damages, as allowable, in an amount determined by the Court or jury;

(g)     Any and all statutory enhanced damages;

(h)     All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

(i)     Pre- and post-judgment interest; and

(j)     All other relief, general or special, legal and equitable, to which Plaintiff and Class Members may be justly entitled as deemed by the Court.

### REQUEST FOR JURY TRIAL

117.   Plaintiff requests a trial by jury as to all claims so triable.

Dated:  November 15, 2017          Respectfully submitted,

LAW OFFICES OF TODD M. FRIEDMAN , PC

By: /s/ Todd M. Friedman, Esq.
TODD M. FRIEDMAN, ESQ.
Attorney for Plaintiff AARON RAMOS

Page 18

CLASS ACTION COMPLAINT